## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ALLEN BELONE,**

                **Petitioner,**

      **v.**                                  **CASE NO. 22-3238-JWL-JPO**

**STATE OF KANSAS, et al.,**

                **Respondents.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter comes before the Court on Petitioner Christopher Allen Belone's pro se pleading filed on October 10, 2022 that purports to seek relief under Federal Rule of Criminal Procedure 35. (Doc. 1.) For the reasons explained below, it appears that Petitioner seeks relief more appropriately sought under 28 U.S.C. § 2254. The Court will therefore direct Petitioner to proceed under § 2254 or inform the Court that he does not wish to do so.

**Background**

In 2007, a jury in Douglas County, Kansas convicted Petitioner of multiple crimes related to the 2006 death of his girlfriend. *Belone v. State*, 2021 WL 5505621, *1 (Kan. Ct. App. Nov. 24, 2021), *rev. denied* Aug. 26, 2022. Petitioner pursued a direct appeal, and the Kansas Supreme Court reversed his convictions and remanded for a new trial. *Id.* After a second trial, another jury convicted Petitioner of unintentional second-degree murder and violating a protective order and Petitioner was sentenced to a controlling term of 438 months in prison. *Id.* Petitioner's direct appeal from those convictions was unsuccessful. *Id.* Petitioner then filed a timely pro se motion for state habeas relief under K.S.A. 60-1507. *Id.* The district court summarily dismissed the motion and Petitioner appealed to the Kansas Court of Appeals, which affirmed the dismissal. *Id.* at *1-3, 6. On August 26, 2022, the Kansas Supreme Court denied Petitioner's petition for review. Currently, Petitioner is

incarcerated at Lansing Correctional Facility in Lansing, Kansas. (Doc. 1, p. 1.)

**Rule 35 Motion**

On October 10, 2022, Petitioner filed in this Court a form document naming himself as petitioner and the State of Kansas and Jeff Zmuda respondents. (Doc. 1.) Despite utilizing the section of the form for identifying parties to a habeas corpus petition, Petitioner checked the box on the form indicating that it is intended to be a motion to reduce or correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 motions apply to federal sentences, but the pleading now before the Court identifies the conviction or sentence under attack as that entered and imposed by the state District Court of Douglas County, Kansas. (Doc. 1, p. 1.) Moreover, the Court's own records do not reflect that Petitioner has been sentenced in a federal case in the United States Federal Court for the District of Kansas. If Petitioner intends this document to constitute a Rule 35 motion seeking to reduce or correct a federal sentence, he must identify the federal criminal case in which the sentence was imposed. To the extent that Petitioner intends to challenge his state sentences, a motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure is not the proper vehicle to do so.

**Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254**

In the current pleading, Petitioner appears to challenge the validity of his state court convictions on the ground that he received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution. (Doc. 1, p. 6; Doc. 1-1.) The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, it appears that Petitioner may wish to seek relief under § 2254. An individual who has mistakenly raised a § 2254 claim in another type of proceeding may prefer to have the claim dismissed rather than construed as one under § 2254, however, due to the impact a first § 2254 petition may have on any claims he wishes to bring under § 2254 in the future because second or successive petitions under § 2254 are tightly constrained. *See* 28 U.S.C. § 2244(b). Accordingly, rather than recharacterize the current pleading as a petition for relief under § 2254, the Court will

allow Petitioner the opportunity to advise the Court as to how he wishes to proceed.

Under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to proceed under § 2254, he may submit a complete and proper amended petition under this case number (22-3238) containing the claims for which relief may be sought under 28 U.S.C. § 2254. Any amended petition submitted must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Moreover, in federal habeas challenges, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Chandler Cheeks, the current warden of Lansing Correctional Facility, where Petitioner is confined, is the sole proper respondent if Petitioner chooses to proceed under § 2254.

In addition, for Petitioner to proceed under § 2254, he must either pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis and the required financial information. *See* 28 U.S.C. § 1914. The Court will direct the clerk to send Petitioner forms for filing a motion to proceed in forma pauperis. If Petitioner submits an amended petition on the court-approved form and either pays the statutory filing fee or files a complete motion to proceed in forma pauperis within the prescribed time, the Court will proceed with an initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary.

If Petitioner does not wish to pursue a § 2254 petition at this time, he shall file a notice with this Court advising it of that decision and advising whether he wishes to dismiss this matter in its entirety or continue to seek relief under Rule 35. The Court notes that if Petitioner wishes to proceed under Rule 35, he must show cause why this matter should not be dismissed because, for the reasons stated above, Rule 35 is inapplicable to state court convictions. If Petitioner fails to submit an

amended petition or a notice consistent with these directions, this action may be dismissed without further prior notice to Petitioner for failure to state a claim on which relief can be granted.

**Conclusion**

For the reasons stated above, the Court will direct Petitioner to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 or to inform the court, in writing, if he does not wish to do so at this time. If Petitioner chooses to proceed under § 2254, he must also either pay the $5.00 statutory filing fee or submit a motion to proceed in forma pauperis. A failure to timely comply with the Court's order may result in this action being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including November 14, 2022, in which to (1) file an amended petition under § 2254 in compliance with the directions in this order and either pay the statutory filing fee or submit a motion to proceed in forma pauperis or (2) file a notice to the Court stating that he does not wish to proceed under 28 U.S.C. § 2254 and identifying the statute or rule under which he wishes to proceed. The failure to file at least one of these documents will result in the action being dismissed without further notice. The clerk of court shall transmit a form petition and forms for filing a motion to proceed in forma pauperis to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 12th day of October, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge