IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ALLEN BELONE,

                Petitioner,

      v.                                    CASE NO. 22-3238-JWL-JPO

STATE OF KANSAS,

                Respondent.

**MEMORANDUM AND ORDER**

On October 10, 2022, Petitioner Christopher Allen Belone, a state prisoner, filed a form document indicating that he sought relief under Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 1.) Rule 35 motions apply to federal sentences, but Petitioner's pleading identified the conviction or sentence under attack as having been imposed in the District Court of Douglas County, Kansas. *Id.* at 1. Moreover, the Court's records do not reflect that Petitioner has been sentenced in a federal criminal case. Thus, on October 12, 2022, the Court issued a notice and order to show cause (NOSC) explaining to Petitioner that a Rule 35 motion does not seem appropriate here and directing him, if he intended to file a Rule 35 motion, to identify the federal criminal case in which the sentence at issue was imposed. (Doc. 2.)

The NOSC further explained that the pleading in this matter appeared to challenge the validity of Petitioner's state court convictions on grounds more properly brought under 28 U.S.C. § 2254. Because an individual who has mistakenly raised a § 2254 claim in another type of proceeding may prefer to have the claim dismissed rather than construed as one brought under § 2254, the Court allowed Petitioner the opportunity to advise the Court as to how he wished to proceed in this matter. *Id.* at 2-3. The NOSC directed Petitioner to either (1) identify a federal sentence that may be attacked

1

under Rule 35, (2) file an amended petition under § 2254 and pay the statutorily required filing fee, or (3) inform the Court in writing he does not wish to proceed under § 2254. The order cautioned Petitioner that "[t]he failure to file at least one of these documents will result in the action being dismissed without further notice." *Id.* at 4.

The deadline for Petitioner to respond to the Court's order was November 14, 2022. *Id.* That date has now passed with no response from Petitioner. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). Based on Petitioner's failure to respond as directed in the NOSC, the Court will decline to construe this matter as a federal habeas petition and instead will dismiss this matter without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:   This 22nd day of November, 2022, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge